# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

YI LIN ZHENG,

               Plaintiff,

vs.

THE STANDARD FIRE INSURANCE
COMPANY,

               Defendants.

**Case No.: 2:25-cv-00573-GMN-MDC**

**REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS**

I was referred Defendant's *Motion to Dismiss* (ECF No. 10)("Motion") per 28 USC 636. For the reasons below, I **RECOMMEND** the Motion be **GRANTED** but that Plaintiff be given an opportunity to seek amendment of her complaint.

## DISCUSSION

### I.      BACKGROUND

This action involves a dispute regarding uninsured motorist benefits ("UM") under an automobile insurance policy ("Policy") obtained by Plaintiff Yin Lin Zheng ("Plaintiff") from Defendant, The Standard Fire Insurance Company ("Defendant"). Plaintiff alleges she was injured in a hit-and-run accident where the at-fault driver was not located. *See Complaint, ECF No. 1.* Plaintiff made a claim to Defendant for the $500,000.00 limits of her Policy's UM coverage, asserting that she has incurred medical specials in the amount of $131,727.00. *Id.* Defendant, however, offered Plaintiff $100,000.00 under the UM coverage, resulting in this action. *Id.*

Plaintiff asserts the following five causes of action against the Defendant in her Complaint: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) bad faith; and (5) violation of Nevada's Unfair Claims Practices Act, codified as NRS 686A.310 et seq. By its Motion, Defendant seeks dismissal of the second through fifth claims.

I heard Defendant's Motion on December 15, 2025.  I informed the parties that I was inclined to recommend the Motion be granted.  Plaintiff's counsel acknowledged shortcomings of the Complaint and asked for an opportunity to seek amendment.  The parties also stated that they were engaged in on-going settlement negotiations.   After further discussion with counsel, I advised the parties that I would be entering this report and recommendation granting Defendant's Motion and the parties agreed that Plaintiff would provide Defendant with a proposed amended complaint and see if the parties could reach a stipulation regarding amendment.  The parties also advised they may need to extend the discovery and pre-trial deadlines to accommodate amendment and on-going settlement efforts.

## II.    ANALYSIS

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted.  *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 2(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).  "All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.1996); *see Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977).  Furthermore, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist*., 37 F.3d 517, 521 (9th Cir.1994), *cert. denied*, 515 U.S. 1173, 115 S. Ct. 2640, 132 L. Ed. 2d 878 (1995) (citations omitted).  However, "conclusory allegations

of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).

> **A.  Plaintiff Fails to State a Claim for Contractual Breach of Covenant of Good Faith and Fair Dealing**

Defendant argues that Plaintiff's claim for contractual breach of the covenant of good faith and fair dealing must be dismissed because Plaintiff did not allege that Defendant complied with the terms of their policy while also performing in a manner inconsistent with the intent of the policy.  *ECF No. 8.* "A contractual breach of the implied covenant occurs when the terms of a contract are literally complied with, but the defendant takes some action to deprive the plaintiff of his benefit." *Ngan Le v. Sentinel Ins. Co., Ltd.*, No. 2: 14-cv-00747-APG-CWH, 2015 U.S. Dist. LEXIS 20226, at *4 (D. Nev. Feb. 17, 2015)(citing *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 808 P.2d 919, 922-23 & n. 6 (Nev.1991).  Plaintiff ignores those authorities and argues that she has sufficiently stated her claim per *Sgrillo v. Geico Cas. Co.*, 323 F. Supp. 3d 1167 (D. Nev. 2018).

According to Plaintiff, *Sgrillo* provides that a motion to dismiss a claim for contractual breach of a covenant of good faith and fair dealing should be granted only if the Plaintiff fails to state the amount of medical bills, the amount offered by the insurance, and the circumstances surrounding the insurance refusal to pay.  *ECF No. 10 at 4.*  Plaintiff argues that she alleges these facts in her Complaint and therefore sufficiently stated her claim.  *ECF No. 10.*

I do not agree with Plaintiff's construction of *Sgrillo*.  *Sgrillo* did not recast the elements of a contractual breach of the implied covenant of good faith and fair deadline identified by the Nevada Supreme Court in *Hilton Hotels Corp.,* 107 Nev. 226, 808 P.2d 919, 922-23 & n. 6, and recognized by this court in *Ngan Le.*, 2015 U.S. Dist. LEXIS 20226, at *4.  In other words, *Sgrillo* does not announce a change of elements and that a plaintiff may state a claim for contractual breach of the covenant of good faith and fair dealing by alleging (1) the amount of medical bills; (2) the amount offered by the

insurance; and (3) the circumstances surrounding the insurance refusal to pay.  *Sgrillo* discussed such items in the context of its conclusion dismissing that plaintiff's related causes of action for bad faith/ breach of the covenant of good faith and fair dealing because that plaintiff made only conclusory allegations.  *Id.,* 323 F. Supp. 3d at 1170.

Plaintiff's Complaint does not allege the necessary elements that Defendant complied with the Policy but took some action to deprive the Plaintiff of her benefits.  *See Ngan Le*, 2015 U.S. Dist. LEXIS 20226, at \*4; *Hilton Hotels Corp.*, 808 P.2d at 922-23.  Therefore, I recommend dismissing without prejudice Plaintiff's second cause of action for contractual breach of the implied covenant of good faith and fair dealing.

### B.　Plaintiff's Fails to Allege Sufficient Facts of Bad Faith to Support Her Third and Fourth Claim

Plaintiff's third claim is for tortious breach of the implied covenant of good faith and fair dealing.  Plaintiff's fourth claim is for bad faith.  Defendant moves to dismiss both these claims because they are redundant, and Plaintiff failed to allege sufficient facts.

Plaintiff's third and fourth claims are redundant.  A claim "[b]reach of [the] implied covenant [of good faith and fair dealing] constitutes tortious bad faith." *Ngan Le v. Sentinel Ins. Co., Ltd.*, 2015 U.S. Dist. LEXIS 20226 \*4 (D. Nev. 2015); *see also Vargas v. Cal Auto Ass'n*, 788 F. Supp 462, 465 (Nev 1992) ("The 'bad faith' cause of action is actually one for breach of an implied covenant of good faith and fair dealing."); *Sgrillo*, 323 F. Supp. at 1170 ("A violation of the covenant of good faith and fair dealing in the insurance context gives rise to a bad-faith tort claim.").  Accordingly, I recommend dismissing Plaintiff's redundant third claim for tortious breach of the implied covenant of good faith and fair dealing.

Substantively, Plaintiff does not allege sufficient facts to support her claim for bad faith. Plaintiff argues that she states a bad faith claim because she alleges sufficient facts to show that "Defendant

denied Plaintiff's demand with no basis and with reckless disregard to the hardship and burden said denial placed on Plaintiff." *ECF No. 10 at p. 5.* However, that is not the correct standard. "Bad faith is an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." *Skach v. AAA N. Cal.*, No. 3:12-cv-00464-RCJ-VPC, 2013 U.S. Dist. LEXIS 32380, at *8 (D. Nev. Mar. 6, 2013)(internal quotations omitted)(*quoting Allstate Ins. Co. v. Miller*, 125 Nev. 300, 212 P.3d 318, 324 (Nev. 2009)). "Bad faith by an insurer can be shown where a claim is not properly investigated or reviewed." *Skach*, 2013 U.S. Dist. LEXIS 32380, at *8 (internal quotations and citation omitted). Bad faith also occurs when an insurer lacks a reasonable basis for denying or disputing coverage, and the insurer knew or was impliedly aware that it lacked reasonable basis for disputing or denying coverage. *See Allstate Ins. Co. v. Miller,* 125 Nev. 300, 308, 212 P.3d 318, 324 (2009); *Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 962 P.2d 596, 604 (Nev. 1998), *opinion modified on denial of rehearing* 115 Nev. 38, 979 P.2d 1286 (1999). Therefore, I recommend dismissing without prejudice Plaintiff's third and fourth claims.

**C.      Plaintiff Failed to Allege Sufficient Facts To State a Claim for Violation of Nevada's Unfair Claims Practices Act**

Defendant argues that Plaintiff's fifth claim for violation Nevada's Unfair Claims Practices Act, NRS 686A.310 et seq. must be dismissed because Plaintiff failed to exhaust her administrative remedies and because she failed to allege sufficient facts to state her claim. *ECF No. 8.* Plaintiff does not dispute that she did not exhaust her administrative remedies but contends that she is not required to exhaust her administrative remedies as a condition to asserting her NRS Chapter 686A claim in this Court. *ECF No. 10.* Plaintiff is correct.

The Nevada Supreme Court has held that the Nevada Division of Insurance ("NDOI") has exclusive jurisdiction when "a party seeks to ensure compliance with the insurance code." *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 170 P.3d 989, 994 (Nev. 2007). Thus, a party must first pursue claim for an

administrative violation with the NDOI otherwise such claim is not justiciable. *See Patel v. Am. Nat'l Prop. & Cas. Co.*, 367 F. Supp. 3d 1186, 1193 (D. Nev. 2019)(dismissing claim under Nevada Administrative Code Sections 686A.670, 686A.675 for failing to exhaust administrative remedies)(citing *Thorpe*, 170 P.3d at 993-94). In this case, Plaintiff's fifth claim does not allege the Defendant violated the Nevada Administrative Code. *See Complaint, ECF No. 1.* Plaintiff was not required to exhaust her administrative remedies because she did not assert administrative claims.

Plaintiff asserts her fifth claim under NRS 686A.310(1). NRS 686A.310(2) expressly allows an insured to pursue damages against her insurer for violation of subsection 1. *Id.* ("[A]n insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice.'). "Nothing in §686A.310(2) suggests that an insured must first exhaust administrative remedies with the Commissioner before suing an insurer for violations of § 686A.310(1)." *Iovino v. Am. Tr. Fin. Servs., Inc.*, 776 F. Supp. 3d 889, 903 (D. Nev. 2025).

Plaintiff, however, failed to plead sufficient facts to support her claim under NRS 686A.310(1). Plaintiff merely recites the language of NRS 686A.310(1)(a)-(c), (e)-(f), and (n). *See Complaint at ¶56, ECF No. 1.* Plaintiff does not allege sufficient facts to support each of the alleged violations identified in Paragraph 56 of her Complaint. As such, Plaintiff's Complaint does not provide Defendant fair notice and does not permit me to infer more than a possibility of misconduct. *See Patel,* 367 F. Supp. 3d 1186 (finding that plaintiff failed to state a claim under NRS 686A.310(1) because plaintiff "merely recites the pertinent statutory language of NRS § 686A.310(1) without presenting any allegations showing that Defendant's liability was reasonably clear.")(internal quotations omitted). I therefore recommend dismissing without prejudice Plaintiff's fifth claim under NRS 383A.310(1) for failure to state a claim.

//

//

## III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons,

**I RECOMMEND** that Defendant's *Motion to Dismiss* (ECF No. 8) be **GRANTED** and that Plaintiff's second, third, fourth and fifth claims be **DISMISSED** without prejudice.

**I FURTHER RECOMMEND** that Plaintiff be granted until **January 12, 2026**, to either file a stipulation to amend her complaint or a motion for leave to amend her complaint, together with a copy of the proposed amendment.

DATED: December 17, 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge